**WHITE & CASE**

November 6, 2024

VIA ECF

The Honorable George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
David Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

*In re Terrorist Attacks on September 11, 2001*, **Case No. 1:03-md-01570-GBD-SN (S.D.N.Y.): The Republic of the Sudan's Letter re: Plaintiffs' Requests for Entry of Certificates of Default**

Dear Judge Daniels:

On behalf of the Republic of the Sudan, we respectfully submit this response to Plaintiffs' letter requesting entry of certificates of default against Sudan. *See* Letter, ECF No. 10493; Proposed Certificates of Default, ECF Nos. 10491 (*Federal Insurance Company*), 10495 (*Ashton, Betru*, and *Clarke*), and 10507 (*Continental Casualty Company*). Sudan is a foreign sovereign that has been in the throes of a devastating civil war for over a year. During this civil war, thousands of people have been killed, millions displaced, and whole cities have been leveled, including Sudan's capital, Khartoum. *See* Declan Walsh, *A Catastrophic Civil War in Sudan*, N.Y. Times (Aug. 15, 2024), https://www.nytimes.com/2024/08/15/briefing/sudan-civil-war.html. As a result, we have been working diligently with the Sudanese Embassy, but have been having difficulty engaging with appropriate Sudanese government representatives in Sudan, who have been displaced from the capital city of Khartoum. Even Plaintiffs acknowledge in their letter that Sudan's counsel has been attempting to confer with Sudanese government representatives. ECF No. 10493.

Default should not be entered now because, in this Circuit, "[s]trong public policy favors resolving disputes on the merits." *American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996). This is particularly true in cases brought against foreign sovereigns. *See Practical Concepts, Inc. v. Republic of Bolivia*, 811 F.2d 1543, 1551 n.19 (D.C. Cir. 1987) (observing that "[i]ntolerant adherence to default judgments against foreign states could adversely affect [the United States'] relations with other nations and undermine the State Department's continuing efforts to encourage foreign sovereigns generally to resolve disputes within the United States' legal framework") (internal quotation and alterations omitted).

Default also is not warranted because Sudan is not under any obligation to file a responsive pleading at this stage and has not "failed to plead or otherwise defend" within the meaning of Rule 55(a) of the Federal Rules of Civil Procedure. Under Rule 12(a)(4), the 14-day deadline to file a

WHITE & CASE

The Honorable George B. Daniels
November 6, 2024

responsive pleading only applies "if the court *denies* the motion" to dismiss. Here, the Court granted in part and denied in part Sudan's motion. Specifically, this Court granted Sudan's motion and dismissed some of Plaintiffs' state-law claims, Plaintiffs' claims under the Alien Tort Statute, and Plaintiffs' secondary liability claims under the Anti-Terrorism Act. Mem. Decision and Order at 32, ECF No. 9278. In all of their declarations supporting their request for entry of default, Plaintiffs obscure that this Court granted Sudan's motion in part, stating simply that this Court issued an order "denying Sudan's motion to dismiss." *E.g.*, Declaration of J. Scott Tarbutton ¶ 10, ECF No. 10492. Plaintiffs should be required to amend their lengthy complaints to account for the Court's decision before Sudan is required to file any responsive pleading.

Finally, default cannot be entered in *Betru* or *Clarke* because those Plaintiffs have not provided any proof of service on Sudan in accordance with § 1608(a) of the FSIA. *See* Proposed Certificate of Default, ECF No. 10495, Decl. of Andrew J. Maloney, ECF No. 10494; *see also* 28 U.S.C. § 1330(b) (requiring service in accordance with § 1608(a) of the FSIA for courts to exercise personal jurisdiction over foreign states).

Respectfully submitted,

/s/ *Christopher M. Curran*

Christopher M. Curran

*Counsel for the Republic of the Sudan*

cc:   All Counsel (via ECF)